IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Demetrius Glenn, | ) | Case No. 6:23-cv-04680-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Ms. Bryan, Brian Stirling, Kenneth Nelson, Lt. Williams, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's complaint alleging violations of his civil rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On November 21, 2023, the Magistrate Judge issued a Report recommending that this action be dismissed without leave to amend and without issuance and service of process. ECF No. 16. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed objections. ECF No. 18.

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As stated above, the Magistrate Judge recommends dismissal of this action. He construed the complaint as raising claims that Plaintiff was denied access to courts, recreation, showers, meals, and medical treatment, and that he has been kept in solitary confinement and has been retaliated against for exercising his First Amendment rights. Upon de novo review, the Court agrees with the Magistrate Judge in part and respectfully disagrees in part.

With respect to Plaintiff's conditions of confinement claims, the Court agrees with the Magistrate Judge that they are subject to summary dismissal except for his solitary confinement claim. Upon review of the record, the Report, and the applicable law, the

Court agrees that Plaintiff has failed to state claims that rise to the level of a constitutional violation and incorporates the Magistrate Judge's discussion of these claims.[1]

The Court also agrees with the Magistrate Judge that Plaintiff has failed to state a plausible claim that Defendants have been deliberately indifferent to his serious medical needs and incorporates the Magistrate Judge's discussion of this claim.[2]

The Court agrees with the Magistrate Judge that Plaintiff has failed to state a plausible claim that he was denied access to courts.  Plaintiff states that he was denied the opportunity to speak with appointed counsel and that he forwent exhausting his administrative remedies because he was afraid of retaliation.  It appears that Plaintiff is referencing his appointed counsel in a civil case alleging violations of his civil rights. *See Glenn v. Jackson*, C/A No. 6:18-cv-03179. That case was not dismissed for failure to exhaust administrative remedies and a stipulation of dismissal was ultimately filed.[3]  As Plaintiff has failed to identify any actual injury, that claim is subject to summary dismissal. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996).

---

[1] The Court is of the opinion that Plaintiff did not specifically object to this portion of the Report; however, out of an abundance of caution for a pro se party, the Court has conducted a de novo review.

[2] The Court also does not believe that Plaintiff filed specific objections as to this claim; however, out of an abundance of caution for a pro se party, the Court conducted a de novo review.

[3] The Court notes that in another of Plaintiff's cases filed in 2022, the Report commented that Plaintiff may not have exhausted his administrative remedies.  *See Glenn v. Ruffin*, C/A No. 6:22-cv-01320-DCC.  However, the Magistrate Judge then proceeded to conduct a full analysis of the merits of Plaintiff's claims.

The Court respectfully disagrees with the Magistrate Judge's determination that Plaintiff has failed to allege a constitutional violation with respect to his claim that he has been kept in solitary confinement for three years while he was free of disciplinary infractions. Liberally construed, Plaintiff may allege that he was denied meaningful review to determine whether he should remain in solitary confinement. *Wall v. Clarke*, No. 7:19-CV-00260, 2021 WL 5444754, at *7 (W.D. Va. Nov. 22, 2021). Moreover, it has been recognized that solitary confinement may pose an atypical and significant hardship on a plaintiff in comparison to the general population. *See Smith v. Collins*, 964 F.3d 266, 276 (4th Cir. 2020). Accordingly, at this early stage of the proceedings, Plaintiff has stated a plausible claim for relief.[4]

The Court respectfully declines to adopt the Magistrate Judge's recommendation that Plaintiff's retaliation claim is subject to summary dismissal. "To state a colorable First Amendment retaliation claim, a plaintiff must allege that (1) he engaged in protected First Amendment activity, (2) the defendant[s] took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant[s'] conduct." *Shaw v. Foreman*, 59 F.4th 121, 130 (4th Cir. 2023) (citation and internal quotation marks omitted). Plaintiff contends that he reported Ms. Bryan and that she then changed his custody classification status in retaliation for his report, that he was placed on lock down after informing Lt. Williams of pending litigation,

---

[4] *See Thorpe v. Clarke*, 37 F.4th 926 (4th Cir. 2022) (recognizing claims related to solitary confinement can be based both in the Eighth Amendment and the Fourteenth Amendment).

4

and that Warden Nelson and Director Stirling are directly responsible for assigning inmates to solitary confinement. At this early stage, he has stated a plausible claim for retaliation.[5]

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court adopts in part and declines to adopt in part the recommendation of the Magistrate Judge as set forth above. Plaintiff's requests for monetary damages and for injunctive relief remains pending. This matter is recommitted to the Magistrate Judge for further evaluation and issuance of service of process in conformity with the above.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

May 31, 2024
Spartanburg, South Carolina

---

[5] The Magistrate Judge recommended declining to exercise supplemental jurisdiction over any state law claims on the basis that the federal claims were subject to summary dismissal. As the Court has found that not all federal claims are subject to dismissal, the Court declines to dismiss any state law claims at this time.