IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Demetrius Glenn, | ) | Case No. 6:23-cv-04680-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Ms. Bryan, Brian Stirling, Kenneth Nelson, Lt. Williams, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's complaint alleging violations of his civil rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On September 15, 2025, Defendants filed a motion for summary judgment. ECF No. 79. Plaintiff filed a response in opposition, and Defendants filed a reply. ECF Nos. 83, 91. On December 4, 2025, the Magistrate Judge issued a Report recommending that the motion for summary judgment be granted. ECF No. 93. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed objections. ECF No. 95.

## <u>APPLICABLE LAW</u>

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and the applicable law, which the Court incorporates by reference. Plaintiff raises claims for unconstitutional solitary confinement, First Amendment retaliation, and state law claims for negligence and intentional infliction of emotional distress. The Magistrate Judge recommends that summary judgment be granted as to Plaintiff's federal claims for failure to exhaust administrative remedies and further recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Because Plaintiff filed objections, the Court's review has been de novo.

With respect to whether Plaintiff properly exhausted his administrative remedies, the Court agrees with the Magistrate Judge that Plaintiff did not.

2

The PLRA requires an inmate to exhaust "such administrative remedies as are available" before bringing suit under § 1983 to challenge prison conditions. *Ross v. Blake*, 578 U.S. 632, 635 (2016) (quoting 42 U.S.C. § 1997e(a)). "[T]he PLRA's exhaustion requirement is mandatory." *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 677 (4th Cir. 2005), *abrogated on other grounds by Custis v. Davis*, 851 F.3d 358, 363 (4th Cir. 2017); *see also Graham v. Gentry*, 413 F. App'x 660, 663 (4th Cir. 2011) ("The exhaustion requirement is mandatory, and courts lack the authority to waive that requirement."). Section 1997e mandates "proper" exhaustion; thus, a "procedurally defective administrative grievance or appeal" does not satisfy the mandatory exhaustion requirement. *Woodford v. Ngo*, 548 U.S. 81, 83–84 (2006).

The PLRA "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "Failure to exhaust is an affirmative defense, and defendants have the burden of raising and proving the absence of exhaustion." *Baxley v. Jividen*, 508 F. Supp. 3d 28, 46 (S.D.W. Va. 2020) (citation and internal quotation marks omitted). "However, if a defendant makes a threshold showing of failure to exhaust, the burden of showing that administrative remedies were unavailable falls to the plaintiff." *Id.* (citation and internal quotation marks omitted).

As explained in the affidavit submitted by Felicia McKie, the Agency Inmate Grievance Coordinator/Branch Chief of the Inmate Grievance Branch of the General

3

Counsel for the South Carolina Department of Corrections, to properly exhaust the grievance process

> First, an inmate must attempt to resolve his/her issue through an Informal Resolution by submitting a Request to Staff Member Form (RTSM) or Automated Request to Staff Member (ARTSM) using the Kiosk to the appropriate supervisor/staff within eight working days of the incident. This attempt at an Informal Resolution is a prerequisite for filing most Step 1 Grievances. An Informal Resolution is not necessary when appealing an emergency-related situation, disciplinary conviction or a custody reduction.

> The Informal Resolution can be satisfied by completing a Request to Staff Member Form (RTSM) at the correctional institution and giving it to staff. If the inmate is not in restrictive housing or the subject matter is not of a medical nature, the inmate must file his/her Informal Resolution through the Kiosk (submitting the RTSM form electronically which is referred to as ARTSM).

> After receiving a response to the RSTM or ARTSM, the inmate may then file a Step 1 Grievance by filling out an Inmate Grievance Form (Form 10-5). The Step 1 Grievance Form requires the inmate to include a copy of the answered RTSM that was submitted or a Kiosk reference number where he/she shall have filed an ARTSM.

> After the Step 1 Grievance Form is turned in by the inmate, it is required to be picked up on a daily basis by designated staff. The Step 1 Grievance Form will then be routed to the institution's Inmate Grievance Coordinator (IGC). If the IGC determines that the grievance will be processed and returned to the inmate according to SCDC Policy GA-01.12, the IGC will note this on the Step 1 Grievance Form and return the Step 1 Grievance Form to the inmate with instructions on what, if anything, must be accomplished to cure the grievance of any deficiencies. If the grievance was untimely submitted, that cannot be cured.

> If an inmate's Step 1 Grievance is returned as "processed" and returned to the inmate, the inmate will have the opportunity to appeal the processed and returned grievance to the Branch Chief of the Inmate Grievance Branch within ten days of the grievance being returned to the inmate.
>
> If the inmate is not satisfied with the response to his/her Step 1 Grievance, the inmate must appeal that response by submitting a Step 2 Grievance Form (Form 10-5A) to the IGC within five calendar days of receipt of the response to the Step 1 Grievance. The inmate's Step 2 Grievance Form is also placed in the institutional Grievance Box.
>
> The response to the Step 2 Grievance, or appeal, is considered to be SCDC's final agency decision on the issue.

ECF No. 79-2 at 2–3, ¶¶ 4–10. McKie avers that Plaintiff filed nine grievances during the relevant time period, none of which addressed solitary confinement or First Amendment retaliation. *Id.* at 3–4.

In his objections, Plaintiff states that he is being denied his constitutional right to a jury trial, that the Report is biased and conceals facts. He objects to the recitation of facts outside the facts presented in his response in opposition to the motion for summary judgment.[1] Plaintiff asserts that he is not allowed out of his cell to turn in his grievances, that his grievances are not being returned, that staff is throwing his grievance away, and that staff encourages inmates to attack anyone who files them. Plaintiff contends that, under South Carolina Department of Corrections ("SCDC") policy, classification issues are not grievable; therefore, he was not required to exhaust his administrative remedies

---

[1] As explained by the Magistrate Judge, Plaintiff labeled his response in opposition as a "verified complaint." The Magistrate Judge and this Court considered Plaintiff's factual assertions as a declaration.

with respect to his solitary confinement claim.  Plaintiff contends that the PLRA exhaustion requirement should be excused in his case because he has been prevented from filing grievances.[2]

Turning first to the Magistrate Judge's discussion of *Perttu v. Richards*, 605 U.S. 460, 469 (2025), the Magistrate Judge determined that *Perttu* is not applicable in this action.    The Court believes that Plaintiff has not specifically objected to this recommendation; however, as noted above, the Court has reviewed the entirety of the Report, the record, and the applicable law de novo.  Upon such review, the Court agrees with the recommendation of the Magistrate Judge and adopts and incorporates his well-reasoned analysis herein.

The Court next addresses Plaintiff's assertion that he was not required to exhaust his solitary confinement claim because classification issues are not grievable.  Plaintiff cites to Paragraph 8 of SCDC Policy GA-1.12, which provides as follows:

> **8.  NON-GRIEVABLE ISSUES:** The following items are considered non-grievable issues (**NOTE**: If a grievance is on one of the following issues, but also implicates any part of section 15, the grievance will be forwarded to the *Agency Inmate Grievance Coordinator* for review.):
>
> **8.1** Classification issues, as follow*s*:
>
> > **8.1.1** Institutional and security assignments made at Reception and Evaluation Centers;
> >
> > **8.1.2** Institutional job assignments, except where there may be extenuating medical circumstances involved;

---

[2] Upon de novo review, the Court finds that the Magistrate Judge's recitation of facts is accurate and complete based upon the available record.

**8.1.3** Cell, dormitory, or cubicle assignments made within an institution, unless there may be extenuating medical circumstances or criminal activity involved; and

**8.1.4** Inmates who sign SCDC Form 18-39, "Classification Waiver" waiving their right to be present for classification hearings, waive any grievance rights regarding any decision made by the Institutional Classification Committee.

Plaintiff overlooks Paragraph 7, which provides as follows:

**7. GRIEVABLE ISSUES:** Only one issue, or one disciplinary conviction may be addressed on each grievance form. The following issues will be considered grievable:

**7.1** Department policies, directives, or conditions which directly affect the inmate;

**7.2** Actions of a staff member toward the inmate;

**7.3** Actions of an inmate against the inmate;

**7.4** Inmate property complaints;

**7.5** Disciplinary Hearing actions to appeal a conviction following an innocent plea, or to appeal a sentence when the sanction imposed was allegedly not proportionate to the rule's violation;

**7.6** Any classification decision that directly affects the inmate's custody level; and

7.7 Calculation of sentence-related credits.

Moreover, courts in this district have noted that exhaustion is required with respect to claims related to solitary confinement. *See, e.g, Sanders v. S.C. Dep't of Corr.*, No.

7

6:03-1127-TLW, 2004 WL 3671283, at *5 (D.S.C. May 24, 2004) (finding that certain claims, including for solitary confinement, "should be dismissed, therefore, because the plaintiff failed to exhaust administrative remedies"); *Strong v. Ozmint*, No. CV 2:03-2256-MBS, 2005 WL 8159186, at *13 (D.S.C. Nov. 16, 2005) (finding the plaintiff failed to exhaust administrative remedies with respect to his solitary confinement claim); *Flemming v. Drake*, No. 4:19-cv-2850-TMC-TER, 2020 WL 8271656, at *4 (D.S.C. Dec. 4, 2020), *report adopted,* 2021 WL 276390 (D.S.C. Jan. 27, 2021) ("Any allegations of conditions of confinement concerning solitary confinement have not been exhausted. Therefore, it is recommended that these claims be denied for failure to exhaust."). Accordingly, this objection is overruled.

As to whether the grievance process was available to Plaintiff, the Court agrees with the Magistrate Judge that Plaintiff has not sufficiently established that he was denied access to the grievance procedure. An administrative remedy is considered unavailable when: (1) "it operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) it is "so opaque that it becomes, practically speaking, incapable of use"; or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 643–44 (2016).

Plaintiff asserts that he attempted to exhaust administrative remedies by submitting requests via the kiosk. However, as noted by the Magistrate Judge, Plaintiff offers no evidence that the grievance coordinator erroneously handled his grievances, that he appealed these decisions, or that he was prevented from doing so. As explained

8

in more detail by the Magistrate Judge, Plaintiff's allegations with respect to a lack of access to the grievance process have been inconsistent.  He asserts that he was threatened over the use of the grievance process but does not allege by who.  He contends that the threats were at the direction of Lt. Williams but does not provide any support linking any threats by other inmates to Lt. Williams.

Further, as noted by the Magistrate Judge, Plaintiff presents conflicting information and allegations regarding exhaustion.  In his objections, Plaintiff states, inter alia, that he never complained that Ms. Bryan failed to change his custody level; however, he does make such a complaint in his response to the motion for summary judgment.  *See* ECF Nos. 83 at 6; 95 at 1.   Plaintiff states in his objections that he never alleged that he appealed his grievances to the director or the general counsel; however, he does make such a statement in his complaint.  *See* ECF Nos. 1 at 10; 95 at 1.  As also noted by the Magistrate Judge, Plaintiff's reasons for the alleged inmate threats also have changed over the course of this litigation.  *See* ECF No. 93 at 3, 6.  Upon review, the Court agrees with the Magistrate Judge that "[P]laintiff's factual allegations and legal arguments are inconsistent on this issue, and '[a] genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir.1984) (citation omitted).  Thus, the Court finds that Plaintiff has failed to demonstrate that the exhaustion process was unavailable to him.

Accordingly, the issue of retaliation is separate and apart from the issue of exhaustion in this action.  Further, it is clear that Plaintiff has not properly exhausted his

administrative remedies with respect to his claims in this action. Accordingly, Defendants are entitled to summary judgment on the basis that Plaintiff failed to exhaust administrative remedies.

Finally, as to Plaintiff's state law claims, the Magistrate Judge recommends declining to exercise supplemental jurisdiction. Plaintiff has not specifically objected to this recommendation. Nevertheless, upon de novo review, the Court agrees with the Magistrate Judge and incorporates his well-reasoned discussion herein.

## **CONCLUSION**

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court agrees with the recommendation of the Magistrate Judge. Defendants' motion for summary judgment [79] is granted as to their arguments that Plaintiff failed to exhaust administrative remedies. The Court further declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

July 31, 2026
Spartanburg, South Carolina

10